IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KYEEM KING, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. BAH-24-3552 |
| STATE OF MARYLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On December 5, 2024, self-represented plaintiff Kyeem King filed the above-captioned civil rights complaint together with a Motion to Proceed in Forma Pauperis. ECFs 1, 2. Plaintiff alleges that state court judge "Turner" violated his constitutional rights during his state post-conviction proceedings and purports to bring suit pursuant to 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments. ECF 1, at 1–2. He captioned the Complaint as being filed against the State of Maryland. *Id*. Plaintiff's Motion to Proceed in Forma Pauperis shall be granted, however for reasons stated below, the Complaint will be dismissed.

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless that state consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). As such, Plaintiff's claim asserted against the State of Maryland may not proceed.

Even if the Court substituted Judge Turner for the State of Maryland as the Defendant in this case, the Complaint nevertheless could not proceed. Judge Turner is a Maryland state judge who Plaintiff is suing for decisions made in his capacity as a judge. The underlying cause of action in this case cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial,

and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). As such, Plaintiff's claims against Judge Turner cannot proceed.

Furthermore, this Court has no authority to grant the relief requested by Plaintiff, who, in addition to seeking monetary damages, asks that this Court grant him another state post-conviction hearing and appoint him counsel for that hearing. ECF 1, at 2. Under federal law, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While a federal district court can compel an officer or employee of the United States or its agencies to perform a duty, it has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to schedule another hearing in his case or provide him counsel for that hearing. *See, e.g.*, *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586-87 (4th Cir. 1969).

This Court is mindful of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must . . . hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Even construing the complaint liberally, the named Defendant is immune from suit under the Eleventh Amendment and Judge Turner, even if he were properly named as a Defendant, would be immune from suit under the doctrine of judicial immunity. Furthermore, this Court has no authority to issue a writ of mandamus requiring any action on the part of the Maryland state courts. As such, the Complaint will be dismissed without prejudice.[1]

December 20, 2024
Date

/s/
Brendan A. Hurson
United States District Judge

---

[1] Should Plaintiff believe his constitutional rights were violated during his state criminal proceedings, he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.